# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| James Michael Lucas, | ) |
| | ) |
|       Petitioner, | ) |
| | )   Civil Action No. 3:18-cv-3235-TMC |
| v. | ) |
| | )   **ORDER** |
| Aaron Joyner, | ) |
| | ) |
|       Respondent. | ) |

Petitioner James Michael Lucas, a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a Report and Recommendation (the "Report"), recommending that this § 2254 petition be summarily dismissed as successive, without requiring a return from the Respondent. (ECF No. 11). Petitioner filed objections to the Report. (ECF No. 14).

As noted by the magistrate judge, Petitioner was convicted of murder in June 2001 in Lexington, South Carolina. Petitioner then unsuccessfully challenged his conviction on direct appeal and in state post-conviction relief proceedings. (ECF No. 11 at 1–2). In October 2012, Petitioner filed his initial petition for relief from his 2001 murder conviction under 28 U.S.C. § 2254. *See Lucas v. McCall*, C/A No.

1:12-cv-2879-TMC (filed Oct. 5, 2012) ("*Lucas I*").  This court considered that petition on the merits and denied relief.  *Lucas I* at ECF No. 58 at 2 (adopting the Report and granting Respondent's motion for summary judgment).

In the instant § 2254 petition, Petitioner challenges the same 2001 murder conviction, arguing that the underlying indictment was defective, that law enforcement tampered with witness statements, that the evidence of guilt was insufficient and that there is exculpatory evidence that was not presented at trial, and that his attorneys at various stages rendered ineffective assistance. (ECF No. 1).  The magistrate judge determined that the instant § 2254 petition is successive because it challenges the same conviction that was addressed in *Lucas I* and Petitioner failed to obtain pre-filing authorization from the Fourth Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3)(A).  (ECF No. 11 at 4).  Thus, the magistrate judge recommended that the court dismiss this petition for lack of jurisdiction.  *Id.* at 5.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions.  *See* 28 U.S.C. §

636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his objections, Petitioner does not specifically challenge the magistrate judge's conclusion that his action challenges the same conviction addressed in *Lucas I* and, therefore, amounts to a successive § 2254 petition. Similarly, Petitioner does not specifically object to the recommendation that the matter be dismissed based on his failure to obtain pre-filing authorization under § 2244(b)(3). Instead, Petitioner objects to the characterization of his filing as a § 2254 petition, arguing that he did not bring a habeas action. (ECF No. 14 at 1–3). Rather, Petitioner contends that he is serving a sentence for a conviction stemming from invalid indictments, *id*. at 3–4, and, therefore, seeks immediate release, (ECF No. 1 at 3). Although this court is charged with construing *pro se* filings liberally in order to allow for the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it is "the substance of the relief sought by a pro se pleading [that] controls, not the label that the petitioner has attached to it," *Black v. Davis*, 902 F.3d 541, 546 (5th Cir. 2018), *cert. denied*, 140 S. Ct. 859

(2020) (internal quotation marks and alterations omitted). In challenging the indictment, Petitioner is essentially challenging the validity of his murder conviction and seeks to be released from custody based on that conviction. Accordingly, Petitioner's action is properly construed as a § 2254 petition. *Stewart v. Vannoy*, No. CV 16-8711, 2016 WL 7157082, at *2 (E.D. La. Oct. 13, 2016 ("[T]here is no question that petitioner's instant claims concern this legality of his underlying conviction, in that he is challenging the validity of the indictment and the jurisdiction of the state court to try him as an adult. Because his claims clearly concern the constitutionality of his underlying conviction, not the manner in which his sentence is being executed, he must seek relief under § 2254 . . . ."). Accordingly, the court overrules Petitioner's objections.

This matter is properly construed as a § 2254 petition seeking relief from Petitioner's 2001 murder conviction. Since Petitioner's previous § 2254 petition challenging that same conviction was denied on the merits in *Lucas I*, the instant action is successive. Without pre-filing authorization from the Fourth Circuit Court of Appeals, this court lacks jurisdiction over successive § 2254 petitions. *See Richardson v. Thomas*, 930 F.3d 587, 594 (4th Cir. 2019), *cert. denied*, No. 19-7222, 2020 WL 1325915 (U.S. Mar. 23, 2020). Petitioner obtained no such authorization.

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 11) and

incorporates it herein. Accordingly, Petitioner's successive § 2254 petition (ECF No. 1) is **DISMISSED** without prejudice for lack of jurisdiction and without requiring Respondent to file a return.

Finally, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

  **IT IS SO ORDERED**.

                s/Timothy M. Cain
                United States District Judge

Anderson, South Carolina
March 26, 2020